UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOSEPH GAINES,

Plaintiffs,

v.

MARY HENRY, *et al.*,

Defendants.

Case No. 3:19-cv-00770-MMD-CLB

ORDER

On February 11, 2020, the Court issued a screening order dismissing the case in its entirety without prejudice for failure to exhaust on the face of the complaint and assessed a strike under 28 U.S.C. § 1915(g) and *El-Shaddai v. Zamora*, 833 F.3d 1036, 1043-44 (9th Cir. 2016). (ECF No. 6 at 6.) The screening order emphasized Plaintiff's statement in the complaint that he had not exhausted his available administrative remedies because he wanted to file this lawsuit. (*Id.* at 4.) On February 19, 2020, Plaintiff, with inmate assistance, filed a motion to alter or amend judgment. (ECF No. 9.)

Upon motion by a party within twenty-eight days of the entry of judgment, the court may alter or amend its findings under Federal Rule of Civil Procedure 59(e). *See* Fed. R. Civ. P. 59(e). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

In the motion for reconsideration, Plaintiff argues that the Court should reconsider its prior order because *Jackson v. D.C.*, 254 F.3d 262 (D.C. Cir. 2001) held that a district

1 court had the power to issue a preliminary injunction before the inmate exhausted his
2 administrative remedies. (ECF No. 9 at 2.) Plaintiff also asks the Court to reconsider
3 issuing a strike. (*Id.* at 4.)

4     The Court denies the motion for reconsideration. The Court has reviewed its
5 screening order and *Jackson*. Nothing in *Jackson*, an out-of-circuit case, changes the law
6 presented in original screening order. The Court finds that it did not commit clear error in
7 the original screening order, but it will nonetheless reconsider one part of its screening
8 order. In the screening order, the Court certified that any *in forma pauperis* appeal from
9 the order would not be taken "in good faith." The Court now finds that an appeal would be
10 taken in good faith.

11     It is therefore ordered that the motion for reconsideration (ECF No. 9) is denied.

12     It is further ordered that the Court finds that any *in forma pauperis* appeal from this
13 order would be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).[1]

14     DATED THIS 6th day of April 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] This replaces the finding in the screening order (ECF No. 6 at 7, lines 5-6), stating that an appeal would not be taken in good faith.